HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRADFORD MARSELAS JOHNSON,

        Petitioner,

  v.

UNITED STATES OF AMERICA,

        Respondent.

No. 2:22-cv-01362-RAJ

**ORDER DENYING PETITIONER'S § 2255 MOTION**

## I. INTRODUCTION

This matter comes before the Court on *pro se* Petitioner Bradford Johnson's ("Petitioner" or "Johnson") Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 ("Motion"). Civ. Dkt. # 1. Having reviewed the briefs submitted by the parties and the relevant portions of the record, the Court finds that an evidentiary hearing is unnecessary. For the reasons below, the Court **DENIES** Petitioner's Motion.

## II. BACKGROUND

The Ninth Circuit summarized the factual background of this case as follows:

    On November 21, 2017, two armed and disguised men walked into a

ORDER – 1

licensed marijuana dispensary in Washington State. They ordered the employees at gunpoint to hand over cash and garbage bags filled with marijuana. Unbeknownst to the two robbers, however, the dispensary owner was monitoring the store on a live surveillance feed. He called the police, who quickly arrived at the dispensary. The robbers made their getaway through a back door, leaving most of their haul behind. Police arrested Defendants several hours later. Store employees later identified Defendants as the two men who had robbed the store. Though neither Defendant was armed upon arrest, Johnson was later linked to one of the weapons believed to have been used in the robbery: an MG Industries, model Marck-15, 7.62x39 rifle. Woodberry's gun was never recovered.

*United States v. Woodberry*, 987 F.3d 1231 (9th Cir.), *cert. denied*, 142 S. Ct. 371 (2021).

On February 22, 2018, a grand jury sitting in the Western District of Washington returned an indictment against Johnson and Eric Woodberry. *USA v. Johnson*, 18-cr-00049, Dkt. # 21 ("Crim. Dkt."). Johnson was charged with a Hobbs Act robbery (Count One); possession of marijuana with intent to distribute (Count Two); possession of a firearm in furtherance of a crime of violence (Count Three); and felon in possession of a firearm (Count Five). *Id*. A superseding indictment dated May 22, 2019 charged Johnson with the same four offenses but clarified the *mens rea* on certain counts. Crim. Dkt. ## 125, 129.

The matter proceeded to trial on June 17, 2019. Crim. Dkt. # 158. The jury found Johnson guilty as charged with respect to Counts 1-3. Crim. Dkt. # 172. For Count 3, the jury also found that the firearm was brandished and was a short-barreled rifle. Crim. Dkt. # 172. Count 5 was tried to the bench, and this Court returned a guilty verdict. Crim. Dkt. # 174. The parties appeared for a sentencing hearing on December 6, 2019. Crim. Dkt. # 224. This Court imposed a sentence of 30 months on Counts 1, 2, and 5, to be served concurrently with each other but consecutively to a 120-month sentence on Count 3, for a total sentence of 150 months. *Id*.

Johnson appealed. Crim. Dkt. # 225. On February 11, 2021, the Court of Appeals for the Ninth Circuit affirmed in a published opinion, and later denied a motion for

ORDER – 2

rehearing en banc. Crim. Dkt. ## 234, 235. Johnson filed a petition for a writ of certiorari, which was denied on October 21, 2021. Crim. Dkt. # 239. On September 23, 2022, Johnson filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Civ. Dkt. 1. The Government filed a response to the Motion, Civ. Dkt. # 6, to which Petitioner filed a reply. Civ. Dkt. # 11.

### III.   DISCUSSION

Under 28 U.S.C. § 2255, a prisoner in custody may move the court which imposed the sentence to vacate, set aside, or correct the sentence in the following circumstances: (1) the sentence was imposed in violation of the Constitution or federal laws; (2) the court was without jurisdiction to impose such sentence; or (3) the sentence was in excess of the maximum authorized by law or otherwise subject to collateral attack. 28 U.S.C. § 2255(a).[1]

A one-year statute of limitation applies to § 2255 motions. *See* 28 U.S.C. § 2255(f). As applicable to this case, this one-year period began when the judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). The Ninth Circuit affirmed Petitioner's convictions on February 11, 2021, which later became final when the Supreme Court denied his certiorari petition on October 21, 2021. *See Woodberry v. United States*, 211 L. Ed. 2d 197 (2021). Petitioner filed his § 2255 motion on September 23, 2022, thus, the Motion is timely. Civ. Dkt. # 1.

Petitioner brings four claims under this Motion: (1) the Court "unlawfully usurped federal criminal jurisdiction" and subsequently did not have jurisdiction over his conduct in this matter; (2) the indictment was "insufficiently written" in respect to Counts 2 and 3; (3) the Court erred in determining, for purposes of Count 3, that a Hobbs Act Robbery is a crime of violence; and (4) the Court erred by failing to instruct the jury that Petitioner "had to know the firearm was less than 16 inches in length" to be convicted under 18 U.S.C. S. 924(c)(1)(b)(i). *Id.*

---

[1] As a threshold matter, Petitioner is currently incarcerated and meets the custody requirement.

ORDER – 3

The Government argues that Petitioner's first three claims are procedurally defaulted. The Court agrees. Procedural default occurs when a habeas petitioner fails to raise a claim on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504, (2003); *United States v. Braswell*, 501 F.3d 1147, 1149-50 (9th Cir. 2007). There are several reasons a court can excuse procedural default: (1) cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167–68 (1982); (2) fundamental miscarriage of justice resulting in the conviction of one actually innocent, *Murray v. Carrier*, 477 U.S. 478, 495 (1986); and (3) waiver of the default by the government, *Franklin v. Johnson*, 290 F.3d 1223, 1229–30 (9th Cir. 2002). Petitioner failed to challenge this Court's jurisdiction and the indictment at trial, and failed to challenge the nature of a Hobbs Act robbery as a crime of violence. Furthermore, Petitioner did not raise these claims on appeal before the Ninth Circuit. Petitioner's briefing here fails to show cause and prejudice to overcome procedural default. Petitioner's claims also fail on the merits.

### A. The Court's jurisdiction was proper.

Petitioner first argues that this Court lacked jurisdiction over his conduct and judgment was entered against him through the national government's interference with state sovereignty in violation of the Tenth Amendment. As noted above, Petitioner has procedurally defaulted on this claim because he did not raise it at trial or on appeal. Petitioner argues that he can show cause because he brought a motion for ineffective assistance of counsel and twice attempted to fire his council but was denied by this Court. However, Petitioner makes no argument showing prejudice and could not successfully do so because his claims fail on the merits.

This Court properly exercised its jurisdiction. Congress gave exclusive jurisdiction over all alleged offenses against the laws of the United States to the district courts. 18 U.S.C. § 3231. Nor is there a question over whether the alleged offense constitute crimes against the United States. It is well-settled that section 841(a)(1) "properly applies to schemes to distribute controlled substances within the United States." *United States v.*

ORDER – 4

*Larsen*, 952 F.2d 1099, 1100 (9th Cir. 1991) (omissions). The United States also has the authority to penalize Petitioner's Hobbs Act robbery and the use of a firearm during the furtherance thereof. *See United States v. Lynch*, 437 F.3d 902, 908-912 (9th Cir. 2006) (noting that the Supreme Court dismissed "the suggestion that the Hobbs Act constituted an interference with state's rights in such matters"). Finally, under section 922(g)(1), the United States prohibits individuals previously convicted of a felony from possessing a firearm. *United States v. Nguyen*, 88 F.3d 812, 820–21 (9th Cir. 1996). Therefore, the aforementioned crimes and subsequent convictions were pursuant to laws properly enacted within Congress's enumerated powers and thus fall within this Court's jurisdiction.

### B. The Court properly executed the indictment.

Petitioner next alleges the indictment returned against him with respect to Counts 2 and 3 was "insufficiently written" and constituted harmful error because it did not allege the quantity of marijuana possessed by Petitioner. The Court disagrees.

The government did not allege nor was required to prove a particular quantity of marijuana to sustain a conviction for possessing marijuana with intent to distribute under 21 U.S.C. § 841(a)(1) and (b)(1)(D), or a conviction under 18 U.S.C. § 924(c) predicated on that drug trafficking crime.

### C. The Court properly concluded the Hobbs Act Robbery was a crime of violence.

Petitioner next argues that he could not have received a constitutionally valid sentence under the Hobbs Act because the plain language of the statute "shows Hobbs Act Robbery can be committed by causing fear of injury to property, which does not involve the physical force required for it to qualify as a crime of violence[.]" Civ. Dkt. # 1-1 at 30-31. Such a conclusion is at odds with Ninth Circuit precedent that a completed Hobbs Act robbery is a crime of violence for the purposes of 18 U.S.C. § 924(c). *United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020). Accordingly, this claim fails on the

ORDER – 5

merits.

### D. The Court properly instructed the jury regarding 18 U.S.C. section 924(c)(1)(B)(i).

Lastly, Petitioner argues that the Court erred by failing to instruct the jury that Petitioner must have known that the firearm used during the robbery was less than sixteen (16) inches in length. The Ninth Circuit addressed this issue on appeal:

> Having established that the short-barrel provision is an essential element, we decide whether its application to Defendants requires a showing of *mens rea*. In other words, did the Government have to show that Woodberry and Johnson *knew* that the rifle was a short-barreled rifle? We hold that it did not, because § 924(c)(1)(B)(i) contains no *mens rea* requirement.

*United States v. Woodberry*, 987 F.3d 1231, 1236–37 (9th Cir.), *cert. denied*, 142 S. Ct. 371 (2021). The Ninth Circuit provides in-depth analysis on this issue, and we will not re-examine it here. The Court's jury instructions were properly executed.

### E. Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability (COA) must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2255 Cases. "The district court must issue or deny a certification of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Cases. Under 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." The court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. § 2253(c)(3). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong*." Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the

ORDER – 6

court's procedural ruling was correct. *Id*. Applying these standards, the Court declines to issue a COA because the resolution of the petition is not debatable among reasonable jurists.

## IV.    CONCLUSION

For the reasons stated above, Petitioner's motion under 28 U.S.C. § 2255 is **DENIED**.

DATED this 18th day of October 2023.

The Honorable Richard A. Jones
United States District Judge

ORDER – 7